**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-CV-00032-HBB**

**CHRISTOPHER BRISTOW**                                           **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

<u>BACKGROUND</u>

Before the Court is the complaint (DN 1) of Christopher Bristow ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 19) and Defendant (DN 24) have filed a Fact and Law Summary.   For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 18).   By Order entered May 18, 2020 (DN 17), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

1

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on January 24, 2017, and protectively filed an application for Supplemental Security Income on January 26, 2017 (Tr. 18, 220-23, 224-30).   Plaintiff alleged that he became disabled on November 1, 2015, as a result of bipolar disorder and sleep apnea (Tr. 18, 249).   On August 14, 2018, Administrative Law Judge Joyce Francis ("ALJ") conducted a video hearing from Middlesboro, Kentucky (Tr. 18, 59-61).   Plaintiff and his counsel, David Cross, participated from London, Kentucky (Id.).   Laura Lykins, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated December 26, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 18-27).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 1, 2015, the alleged onset date (Tr. 21).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: morbid obesity, congenital heart disease, and bipolar disorder (Id.).   The ALJ also determined that Plaintiff's hypertension and sleep apnea are medically determinable "non-severe" impairments (Id.).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21-22).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a ranged of light work because he: can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can frequently stoop, crouch, and crawl; can frequently be exposed to extreme heat, extreme cold, and vibration; and can frequently be exposed to unprotected heights or dangerous moving machinery; can understand and remember simple

2

instructions; can sustain attention and concentration to complete simple tasks with regular breaks every 2 hours; can interact occasionally with supervisors and coworkers, and; can adapt to routine work conditions and occasional work place changes that are gradually introduced (Tr. 22-23).  At the fourth step, the ALJ relied on testimony from the vocational expert to find that Plaintiff is unable to perform any of his past relevant work (Tr. 25).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 25-26).  The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 26).  Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from November 1, 2015, through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 216-19).  The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Cotton, 2 F.3d at 695 (quoting

Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a

case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility."   Cohen v. Sec'y of Health & Human Servs., 964

F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the

ALJ's decision (Tr. 1-4).   At that point, the ALJ's decision became the final decision of the

Commissioner.   20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality

of the Commissioner's decision).   Thus, the Court will be reviewing the ALJ's decision and the

evidence that was in the administrative record when the ALJ rendered the decision.   42 U.S.C. §

405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996);

Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and

Supplemental Security Income to persons with disabilities.   42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).   The term

"disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of
> any medically determinable physical or mental impairment which
> can be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than twelve (12)
> months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923

(6th Cir. 1990).

4

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920.   In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the RFC to return to his or her past relevant work?

5)   Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Submission of Evidence

1.  Arguments of the Parties

Plaintiff challenges the ALJ's decision not to allow certain medical evidence into the record despite being timely notified the evidence was likely to be obtained less than five business days before the administrative hearing (DN 19-1 PageID # 730-31, citing 20 C.F.R. § 404.935(b)(3)). Plaintiff asserts the ALJ's decision not to consider the updated treatment records from his treating physician, Dr. Robert Flowers, was detrimental to his claim (Id.).

5

Defendant argues that Plaintiff failed to inform the ALJ the treatment records would be submitted less than five business days before the scheduled hearing (DN 24 PageID # 764-65). Therefore, the ALJ's decision not to admit the evidence into the record comports with the regulation and HALLEX I-2-5-13(B) (Id.).

2. Discussion

In pertinent part, the applicable regulations read:

> (a) . . . Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must **inform**[1] us about or submit any written evidence, as required in [§ 404.1512/§ 416.912], no later than **5 business days before** the date of the **scheduled hearing**. If you do not comply with this requirement, the administrative law judge **may decline** to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

> (b) If you have evidence required under [§ 404.1512/§ 416.912] but you have missed the deadline described in paragraph (a) of this section, the administrative law judge **will accept** the evidence if he or she has **not yet issued a decision** and you did **not inform us** about or submit the evidence before the deadline **because**:

---

[1] The Social Security Administration defines "inform" as follows:

> To satisfy a claimant's obligation under the regulations to "inform" SSA about written evidence, he or she must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to his or her medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not he or she is disabled or blind (Social Security Ruling (SSR) 17-4p, Titles II and XVI: Responsibility for Developing Written Evidence).

> If a claimant does not provide SSA with information specific enough to allow an ALJ or HO staff to identify the written evidence and understand how it relates to whether or not he or she is disabled or blind, he or she has not informed SSA about evidence, and an ALJ or HO staff will generally not take the steps explained in subsections C and D below (SSR 17-4p).

HALLEX I-2-5-13(B).   https://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-13.html

(1) Our action misled you;

(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

(3) Some other unusual, **unexpected**, or **unavoidable circumstance beyond your control** prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
    (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

    (ii) There was a death or serious illness in your immediate family;

    (iii) Important records were destroyed or damaged by fire or other accidental cause; or

    (iv) You **actively and diligently** sought evidence from a source and the **evidence** was not received or was **received less than 5 business days prior to the hearing**.

20 C.F.R. §§ 404.935, 416.1435 (footnote and emphasis added).   In sum, the ALJ must determine whether Plaintiff informed her about the written evidence no later than 5 business days before the date of the scheduled hearing, August 14, 2018.   *See* 20 C.F.R. §§ 404.935(a), 416.1435(a).   If not, the ALJ may decline to consider the evidence unless Plaintiff demonstrates an unusual, unexpected, or unavoidable circumstance beyond his control prevented him from informing the ALJ about or submitting the evidence earlier.   *See* 20 C.F.R. §§ 404.935(b), 416.1435(b).

On Tuesday July 31, 2018, Plaintiff's counsel faxed a letter to the ALJ (Tr. 313).   In pertinent part the letter reads:

> We requested completion of two Medical Source Statements one from Mr. Bristow's primary medical provider, Dr. Robert Flowers and one from the Adanta Group.   We hope to receive these forms

7

> back in a timely fashion but at this time as a precautionary measure
> we request that the forms whenever we receive them be included in
> the evidence in this claim.

(Id.).   Thus, ten business days before the scheduled hearing, Plaintiff's counsel informed the ALJ

about medical opinions[2] he was attempting to obtain from Dr. Flowers and the Adanta Group (Id.).

Further, Plaintiff's counsel requested these medical opinions be included in the evidence if they

are received less than 5 business days before August 14, 2018, the date of the scheduled hearing.

For purposes of clarity and context, Tuesday August 7, 2018, is 5 business days before the date of

the scheduled hearing.

On Thursday August 9, 2018, Plaintiff's counsel faxed a cover letter and medical evidence

to the ALJ (Tr. 32-58).   Thus, he made the submission 3 business days before the scheduled

hearing.   But Plaintiff did not deliver the medical source statements mentioned in the July 31st

correspondence.   Instead, Plaintiff provided five treatment notes from Dr. Flowers.[3]   Thus,

substantial evidence in the record supports the ALJ's finding that Plaintiff submitted or informed

her about this written evidence **less than 5 business days** before the scheduled hearing (Tr. 18).

Furthermore, the ALJ's finding comports with the applicable law set forth in 20 C.F.R. §§

404.935(a), 416.1435(a) and HALLEX I-2-5-13(B) because the July 31, 2018 letter

unambiguously identified only medical source statements from Dr. Flowers and Adanta Group

(Id.).   In sum, counsel's timeliness argument fails because it is premised on the untenable

---

2  A medical source statement is a medical opinion about the nature and severity of the claimant's physical or mental impairment which includes restrictions imposed by the impairment.   *See* 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(1), 416.913(a)(2), 416.927(a)(1).

3  The treatment notes from Dr. Flowers are dated September 25, 2017, November 22, 2017, February 23, 2018, April 2, 2018, and July 10, 2018 (Tr. 33-58).

supposition that "medical source statements" are the same as "treatment notes" under the regulations.   *See* 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(1), 416.913(a)(2), 416.927(a)(1).

Because Plaintiff failed to comply with 20 C.F.R. §§ 404.935(a) and 416.1435(a), the ALJ appropriately addressed whether Plaintiff demonstrated that an unusual, unexpected, or unavoidable circumstance beyond his control prevented him from informing the ALJ about or submitting the evidence earlier.   *See* 20 C.F.R. §§ 404.935(b), 416.1435(b).   Notably, Plaintiff's counsel has not attempted to make such a showing during the administrative hearing or in his memorandum before the Court (Tr. 62-64; DN 19-1 PageID # 730-31).   *See* 20 C.F.R. §§ 404.935(b), 416.1435(b).   Counsel pointed out that Dr. Flowers responded to his request for a medical source statement by instead sending the treatment notes (Id.).   But counsel did so in the context of arguing he timely informed the ALJ about his efforts to seek medical evidence from Dr. Flowers[4], and the regulation does not bar admission of medical evidence which has been sought in one form and provided in another[5] (Id.).   Considering the circumstance, substantial evidence supports the ALJ's determination that the requirements of 20 C.F.R. §§ 404.935(b) and 416.1435(b) have not been satisfied (Tr. 18).   This means the ALJ appropriately declined to consider these treatment notes in assessing Plaintiff's applications.   In sum, Plaintiff's challenge fails because the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

---

[4] The ALJ expressed dismay with counsel's decision to request the medical source statements approximately three weeks before the hearing (Tr. 62-64).

[5] The ALJ disposed of counsel's attempt to rely on the July 31, 2018 letter by explaining the request for additional time to submit written evidence must specifically indicate what record or records have been requested from the doctor and when they were requested (Tr. 62-64).   The ALJ pointed out the letter indicated only medical source statements had been requested (Id.).   The ALJ's explanation comports with the definition of "inform" in HALLEX I-2-5-13(B).

Finding No. 3

1.  Arguments of the Parties

Next, Plaintiff asserts the ALJ should have found his explosive disorder, obsessive compulsive disorder, anti-social personality disorder, and sleep apnea were medically determinable severe impairments at the second step (DN 19-1 PageID # 731-33).   Plaintiff claims the error was not harmless because the ALJ failed to consider the limitations imposed by these impairments in the remaining steps of the sequential evaluation process (Id.).

Defendant contends the ALJ properly evaluated Plaintiff's impairments and his arguments to the contrary fail (DN 24 PageID # 754-60).[6]   Defendant argues if the ALJ failed to classify a particular impairment as severe, the error is harmless because the ALJ found some of Plaintiff's impairments are severe and considered all of his impairments in the remaining steps in the sequential evaluation process (Id.).   Additionally, Plaintiff's assertion about his other mental impairments being "severe" should be deemed waived because Plaintiff failed to identify the "ample evidence" substantiating his claim (Id.).

2.       Discussion

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the

---

6 Defendant points out, at step two, the ALJ considered Plaintiff's testimony, the objective medical evidence, and the opinion evidence when she evaluated whether Plaintiff's purported other mental impairments satisfied the "paragraph B" criteria (DN 24 PageID # 754-60).   Anger was the only clearly articulated mental health symptom, and the ALJ addressed it in the mental RFC by limiting Plaintiff's interaction with others and limiting his exposure to change, which were accommodated in the mental RFC (Id. citing Tr. 22, 24-25).   The ALJ accommodated Plaintiff's sleep apnea in the physical RFC by limiting Plaintiff to light work and adding postural and environmental limitations (Id.). As the ALJ considered all of Plaintiff's impairments in assessing his RFC, the failure to find each of them severe is harmless (Id.).

duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ."   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).   Here, Plaintiff's argument cites only one page in the medical record, and it does not corroborate his claims about its content (see DN 19-1 PageID # 733 (citing Tr. 562)).   Thus, he has made no effort to substantiate his bare assertions about his explosive disorder, obsessive compulsive disorder, anti-social personality disorder, and sleep apnea.   Because Plaintiff's claim is adverted to in a perfunctory manner and is not accompanied by some effort at developed argumentation, it is deemed waived.   See United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

Finding Nos. 4 and 11

In the Fact and Law Summary, Plaintiff indicates he is challenging Finding Nos. 4 and 11 (DN 19 PageID # 728).   These challenges are deemed waived because the supporting memorandum does not set forth any argument concerning the issues.   See Layne, 192 F.3d at 566; McPherson, 125 F.3d at 995-96; see also Brindley, 61 F.3d at 509 (Sixth Circuit observing that "[w]e consider issues not fully developed and argued to be waived."); Rice, 2006 WL 463859, at *2.

11

Finding No. 5

1.   Arguments of the Parties

Plaintiff challenges the RFC determination set forth in Finding No. 5 by arguing the ALJ

erred in failing to give controlling weight to the opinion expressed by his treating counselor Delena

Briggs, LPCA (DN 19-1 PageID # 733-34).   Defendant contends that the ALJ properly evaluated

the opinion evidence from this treating source who is not considered an acceptable medical source

under the regulations (DN 24 PageID # 760-62).

2.   Discussion

As Plaintiff filed his applications prior to March 27, 2017, the rules in 20 C.F.R. §§

404.1527 and 416.927 apply to the ALJ's assignment of weight to the medical opinions in the

record.   "Controlling weight" is given to the opinion of an "acceptable medical source" that is

treating the claimant if that opinion "is well-supported by medically acceptable clinical and

laboratory diagnostic techniques" and "it is not inconsistent with the other substantial evidence in

[the] case record."   20 C.F.R. §§ 404.1527(a)(1)-(2) and (c)(2), 416.927(a)(1)-(2) and (c)(2);

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

The parties agree with the ALJ's finding that Delena Briggs, LPCA, is a "treating source."

The issue to be addressed is whether Ms. Briggs is an "acceptable medical source."   The "LPCA"

designation following her name denotes she is a licensed professional counselor associate.   Under

the regulations, she is not designated an "acceptable medical source."   *See* 20 C.F.R §§

404.1502(a)(1)-(8) and 416.902(a)(1)-(8) (list of "acceptable medical sources").   Thus, the ALJ's

determination that Ms. Briggs "is not an acceptable medical source" (Tr. 25), is supported by

substantial evidence in the record and comports with applicable law.   As Ms. Briggs is not an

12

"acceptable medical source," her opinion cannot be entitled to controlling weight.   *See* Engebrecht v. Comm'r of Soc. Sec., 572 F. App'x 392, 399 (6th Cir. 2014); Frames v. Saul, No. 4:20-CV-00016-HBB, 2020 WL 6546299, at *8 (W.D. Ky. Nov. 6, 2020); Hendrix v. Berryhill, No. 4:18-CV-00087-HBB, 2019 WL 1455804, at * 3 (W.D. Ky. April 2, 2019); Hall on Behalf of Hall v. Berryhill, No. 4:17-CV-00102-HBB, 2018 WL 2970757, at *4 (W.D. Ky. June 13, 2018). However, the regulations direct that an opinion from "medical sources" such as Ms. Briggs, who is not "acceptable medical sources," will be considered "using the same factors as listed paragraphs (c)(1) through (c)(6) in this section" and an Administrative Law Judge should explain the weight given to the opinion.   20 C.F.R. §§ 404.1527(f)(1)-(2), 416.927(f)(1)-(2).   This means the ALJ must weigh Ms. Briggs' opinion based on factors such as the examining relationship, specialization, consistency, and supportability.   *See* Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).

The ALJ noted that Ms. Briggs, Plaintiff's counselor, expressed opinions in a medical source statement and a third-party opinion form (Tr. 25, citing Tr. 256-64, 657-60).   The ALJ indicated he gave both opinions little weight (Tr. 25).   The ALJ explained although Ms. Briggs is a treating source, she is not an acceptable medical source (Id.).   More importantly, the ALJ found Ms. Briggs' opinions inconsistent with the evidence in the record (Id.).   The ALJ noted although Ms. Briggs discusses Plaintiff's anger and difficulty being around others, the limits she imposed are extreme given her own treatment records (Id.).   The ALJ also explained the treatment records document Plaintiff to be well groomed, cooperative and bright, and do not adequately consider that Plaintiff's anger is his only mental symptom (Id.).   Further, the ALJ observed that Plaintiff "does not have hallucinations, nor does he have particular depressive or anxiety symptoms. . . [and

13

he] is able to go out in public when necessary and appears to easily interact with Ms. Briggs, as he was able to interact with the undersigned at hearing" (Id.).   Contrary to Plaintiff's assertion, the ALJ's explanation indicates she did consider comments in Ms. Briggs' treatment notes regarding Plaintiff's anger.

Consistent with the foregoing explanation, the ALJ's determination to award little weight to the opinions of Ms. Briggs is supported by substantial evidence and comports with applicable law.   Therefore, the Plaintiff's claim fails.

Claim of Bias

Plaintiff begins with a general assertion that the ALJ misquoted certain evidence in the record to support her decision and this likely had an adverse effect on the outcome that merits a remand (DN 19-1 PageID # 734-36).   But Plaintiff failed to substantiate his assertion by specifically identifying instances in the record where the ALJ allegedly misquoted the evidence. Further, Plaintiff has not explained how the purported misquoting of the evidence adversely effected the outcome of his case.   As Plaintiff's claim is adverted to in a perfunctory manner and is not accompanied by some effort at developed argumentation, it is deemed waived.   *See* Layne, 192 F.3d at 566; McPherson, 125 F.3d at 995-96; *see also* Brindley, 61 F.3d at 509 (Sixth Circuit observing that "[w]e consider issues not fully developed and argued to be waived."); Rice, 2006 WL 463859, at *2.

The second part of Plaintiff's claim attempts to demonstrate bias by directing the Court to statistical data concerning how many decisions the ALJ issued in 2019 and of those decisions how

14

many were favorable and unfavorable (DN 19-1 PageID # 735).[7]   Plaintiff asserts that the ALJ's favorable decision percentage is far below the averages of other Administrative Law Judges (Id.). Additionally, Plaintiff makes a number of general assertions such as: the ALJ schedules 30 minute hearings, reads questions from a scripts, and becomes irritated when a hearing extends beyond that time; and the ALJ manifests bias and antagonism against claimants through an injudicious demeanor, distorting hearing testimony, recklessly disregarding the law, and ignoring evidence favorable to claimants (Id.).   Plaintiff complains that the ALJ's bias has deprived him of due process of law (Id.).

The Sixth Circuit has indicated in evaluating a claim of bias, the court must begin with the presumption that an Administrative Law Judge exercises her power with honesty and integrity. *See* Collier v. Comm'r of Soc. Sec., 108 F. App'x 358, 363-64 (6th Cir. 2004) (citation omitted). The party making the assertion of bias has the burden of overcoming this presumption of impartiality, and the presumption can be overcome only with convincing evidence that a risk of actual bias or prejudgment is present in that specific case.   Id. (citations omitted).   Thus, any alleged prejudice on the part of an Administrative Law Judge must be evident from the record and cannot be based on speculation or inference.   Id.

As most of the second part of Plaintiff's claim is adverted to in a perfunctory manner and is not accompanied by some effort at developed argumentation concerning events that actually occurred in Plaintiff's case, it is deemed waived.  *See* Layne, 192 F.3d at 566; McPherson, 125 F.3d at 995-96; *see also* Brindley, 61 F.3d at 509 (Sixth Circuit observing that "[w]e consider

---

7 https://www.ssa.gov/appeals/DataSets/archive/archive_data_reports.html (follow "FY 2019" hyperlink).

issues not fully developed and argued to be waived."); <u>Rice</u>, 2006 WL 463859, at *2. Notwithstanding, the Court notes that Plaintiff's hearing began at 9:29 a.m. and ended at 10:16 a.m. which is 47 minutes (Tr. 60-88).   Further, there is no evidence in the hearing transcript or the ALJ's decision corroborating Plaintiff's other general assertions regarding the ALJ's conduct in this case (Tr. 18-27, 60-88).   Moreover, the Sixth Circuit has made clear that evidence from outside the record, like the statistical data Plaintiff relies on, cannot be used to establish bias.   *See* <u>Collier</u>, 108 F. App'x at 364; *see also* <u>McClellan v. Comm'r of Soc. Sec.</u>, 2013 WL 12124085, at *6 (E.D. Mich. Jan. 13, 2013) (citation omitted) (statistical evidence from a source outside the administrative record inadequate to establish bias).   In sum, Plaintiff's claim of bias is meritless.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

December 18, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:        Counsel

16